DAVID K. WILLINGHAM (SBN 198874)
 *dwillingham@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone (213) 218-4005
YELENA KOTLARSKY (*pro hac vice*)
 *ykotlarsky@kslaw.com*
**KING & SPALDING LLP**
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone (212) 556-2207

STEPHEN A. BEST (*pro hac vice*)
 *sbest@brownrudnick.com*
**BROWN RUDNICK LLP**
601 13th St NW, Suite 600
Washington, DC 20005
Telephone (202) 536-1737
ANGELA M. PAPALASKARIS (*pro hac vice*)
 *apapalaskaris@brownrudnick.com*
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone (212) 209-4817
Attorneys for Defendant *Terren Scott Peizer*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>TERREN SCOTT PEIZER,<br><br>          Defendant. | Case No. 2:23-cr-00089(A)-DSF<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE FIRST SUPERSEDING INDICTMENT**<br><br>Date:      March 4, 2024<br>Time:     8:30 a.m.<br>Crtrm.:    7D<br><br>The Honorable Dale S. Fischer<br><br>Trial Date:   June 4, 2024 |

**TO THE HONORABLE COURT, PLAINTIFF, AND ITS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** on March 4, 2024, at 8:30 A.M., or as soon as thereafter as this matter may be heard, in the courtroom of the Honorable Dale S. Fischer, located in the United States Courthouse, 350 West 1st Street, Courtroom 7D, Los Angeles, CA 90012-4565, Defendant Terren S. Peizer, ("Mr. Peizer"), by and through his attorneys of record, and pursuant to Federal Rules of Evidence 201, respectfully requests that the Court take judicial notice of the documents and the contents attached therein in support of Mr. Peizer's concurrently filed Motion to Dismiss.

The government opposes this request.

This is based upon this request; the accompanying Memorandum of Points and Authorities; the attached declaration and exhibits; all other papers, pleadings, and records on file; and such oral argument as may be heard.

DATED: February 9, 2024       By: */s/David K. Willingham*
                                                    KING & SPALDING LLP
                                                    DAVID K. WILLINGHAM
                                                    YELENA KOTLARSKY

                                                    BROWN RUDNICK LLP
                                                    STEPHEN A. BEST
                                                    ANGELA M. PAPALASKARIS

                                                    *ATTORNEYS FOR DEFENDANT*
                                                    *TERREN SCOTT PEIZER*

## MEMORANDUM OF POINTS AND AUTHORITIES

Terren S. Peizer has filed a motion to dismiss the First Superseding Indictment.[1] He respectfully requests that the Court take judicial notice of the attached documents presented in support of that motion.

The Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In fact, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Judicial notice may be taken "at any stage of the proceeding." Fed. R. Evid. 201(d).

"[A] trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Indeed, the Court may take judicial notice of government documents on a government website. *South Bay United Pentecostal Church v. Newsom*, 985 F.3d 1128, 1132 n.1 (9th Cir. 2021); *see also United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) (taking judicial notice of "'[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies").

As public records, courts regularly take judicial notice of SEC filings in ruling on motions to dismiss. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings was "proper" in ruling on motion to dismiss); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (giving SEC filings as an example of materials subject to judicial notice or incorporation by reference in ruling on motion to dismiss); *McGhee v. North Am. Bancard LLC*, 2020 WL 3250741, at *2 (S.D. Cal. Mar. 23, 2020) ("SEC filings have been routinely held as proper subjects for judicial notice."); *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of SEC filings); *In re Solarcity*

---

[1] Mr. Peizer incorporates those arguments in this Request as well.

*Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987–88 (N.D. Cal. 2017) (finding incorporated by reference 8-Ks, quarterly earnings transcripts, slide decks presented during earnings calls, 10-Qs, 10-Ks, SEC Form 4, and proxy statements). While in criminal cases courts have recognized that they are bound by the four corners of the indictment and cannot engage in an evidentiary hearing on a motion to dismiss, *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002), the public disclosures here are referenced in the First Superseding Indictment and neither the fact that they are public or that they contain certain statements can reasonably be questioned. Fed. R. Evid. 201.

Exhibit 1 is a certified copy of Ontrak's May 6, 2021 Form 10-Q for the quarterly period ended March 31, 2021; Exhibit 2 is a certified copy of Ontrak's May 6, 2021 Form 8-K; Exhibit 3 is a certified copy of Ontrak's August 5, 2021 Form 10-Q for the quarterly period ended June 30, 2021; and Exhibit 4 is a certified copy of Ontrak's August 5, 2021 Form 8-K. These documents are certified copies of Ontrak's reports that were publicly filed with the U.S. Securities and Exchange Commission and that are hosted on that agency's website.

Moreover, Fed. R. Evid. 902(4) dictates that certified copies of public records—certified as correct by the agency's custodian—are self-authenticating and requires no extrinsic evidence of authenticity in order to be admitted. Exhibits 1-4 are certified copies of Ontrak's public SEC filings. As such, they are self-authenticating certified government records that are admissible under Fed. R. Evid. 902(4) without a witness.

For these reasons, the Court should take judicial notice of the attached Exhibits 1-4 pursuant to Fed. R. Evid. 201 and 902(4).

The Court should also take judicial notice of and consider certain extrinsic evidence, attached as Exhibits 5-12, in deciding the motion to dismiss. To avoid the situation where a plaintiff deliberately omits references to documents, the Ninth Circuit has held that a district court ruling on a motion to dismiss may consider extrinsic documents when three conditions are met: authenticity is not in issue, plaintiff is on

notice of document contents, and plaintiff's claim depends on the document. *Parrino v. FHP, Inc.*, 46 F.3d 699, 705-06 (9th Cir. 1998);[2] *see id.* (stating, "Because Parrino's claims rest on his membership in FHP's [an HMO] plan and on the terms of the plan, documents governing plan membership, coverage, and administration are essential to his complaint").

Exhibits 5, 6, and 8 are copies of U.S. Department of Justice Federal Bureau of Investigation 302 memoranda of the government's interviews of key Ontrak and Cigna witnesses *prior* to Mr. Peizer's original Indictment on February 24, 2023. These materials come from the government's own discovery and are each stamped as an "Official Record" of the FBI. As such, there can be no dispute as to the documents' authenticity or as to the fact the government is on notice of the documents' contents. Indeed, under Fed. R. Evid. 902(4), a copy of an official record is self-authenticating evidence if it bears a seal of a department or agency of the United States and a signature purporting to be an execution or attestation. And the portions of the FBI 302 memoranda cited to by the motion to dismiss squarely address certain information that the government alleges Mr. Peizer possessed prior to entering his August trading plan (as discussed more fully in the motion to dismiss).

Simply put, the government had notice of Exhibits 5, 6, and 8, the exhibits are authentic, and the government's claims of trading on insider information depend on such evidence. While the government intentionally did not reference these exculpatory documents in either the original Indictment or the more recent First Superseding Indictment, this Court should nonetheless consider this extrinsic evidence in deciding the motion to dismiss. *Parrino*, 46 F.3d at 705-06.

---

[2] *Parrino* was superseded by statute on grounds unrelated to judicial notice, as stated in *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006) (per curiam).

| | |
|---|---|
| 1 | For these reasons, the Court should also take judicial notice of the attached Exhibits 5, 6, and 8 pursuant to Fed. R. Evid. 201, Fed. R. Evid. 902(4), and Ninth Circuit precedent. |

Exhibits 7 and 9-12 are copies of contemporaneous communications, both internal to Cigna and between the parties. These documents also come from the government's own discovery—and were each originally provided to the government by Cigna or Ontrak. There is no dispute as to their authenticity nor to the government's awareness of the documents. These documents, too, bear on key information the government alleges was material non-public information in Mr. Peizer's possession when he entered his August plan.

Again, the government had notice of Exhibits 7 and 9-12, the exhibits are authentic, and the government's claims of trading on insider information depend on such evidence. While the government intentionally did not reference these exculpatory documents in either the original Indictment or the more recent First Superseding Indictment, this Court should nonetheless consider this extrinsic evidence in deciding the motion to dismiss. *Parrino*, 46 F.3d at 705-06.

For these reasons, the Court should also take judicial notice of the attached Exhibits 7 and 9-12 pursuant to Fed. R. Evid. 201 and Ninth Circuit precedent.

DATED: February 9, 2024          By: /s/David K. Willingham
                                                        KING & SPALDING LLP
                                                        DAVID K. WILLINGHAM
                                                        YELENA KOTLARSKY

                                                        BROWN RUDNICK LLP
                                                        STEPHEN A. BEST
                                                        ANGELA M. PAPALASKARIS

                                                        *ATTORNEYS FOR DEFENDANT*
                                                        *TERREN SCOTT PEIZER*