# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>            v.<br><br>TERREN SCOTT PEIZER,<br>    Defendant. | 2:23-cr-0089(A)-DSF<br><br>Order DENYING Motion to Dismiss First Superseding Indictment; Order DENYING Motion for Bill of Particulars (Dkt. 101, 103, 113) |

Defendant Terren Scott Peizer moves to dismiss the First Superseding Indictment (FSI) and for a bill of particulars. Both motions are denied.

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b). In evaluating a motion to dismiss an indictment for failure to state an offense, a court "must presume the truth of the allegations in the charging instruments." United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996). "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." Id. "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence. The Court should not consider evidence not appearing on the face of the indictment." Id. (simplified). This is true even if the evidence is uncontested. United States v. Blanton, 476 F.3d 767, 771 (9th Cir. 2007) ("Because the motion turned on the evidence, even uncontested evidence, it could not be raised until the evidence was presented at trial.").

Much of the motion to dismiss hinges on the assertion that the FSI does not adequately allege that Defendant possessed and used non-public information. On its face, the FSI specifies numerous facts that are alleged to have been "nonpublic information that a reasonable investor would consider important in deciding whether or not to trade in Ontrak securities." FSI ¶ 9. As the Court is limited to the contents of the FSI, this is sufficient to decide the matter in the government's favor.

Defendant argues that the Court should nonetheless take judicial notice of Ontrak's SEC filings and determine that the information in the FSI had already been publicly disclosed. But the Court cannot consider such evidence – otherwise judicially noticeable or not – on a criminal motion to dismiss.[1] Defendant's only apparent basis for arguing otherwise is the civil procedure concept of "incorporation by reference" into a complaint, Motion at 16, and a citation to a Sixth Circuit case, id. at 7. Neither of these provides any reason to disregard clear Ninth Circuit statements that only the face of the indictment is to be considered when evaluating a challenge to the sufficiency of the allegations in an indictment.

Defendant also argues that the FSI fails to allege his intent adequately. This argument has no merit. The FSI clearly and directly alleges that "Defendant PEIZER, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud a person in connection with the securities of Ontrak." FSI ¶ 10. The FSI goes on to further elaborate, in some detail, how this allegedly occurred. FSI ¶ 11.

Finally, Defendant claims that the FSI does not allege that he "used" any nonpublic information that he may have had. This is obviously not true, as the FSI provides extensive detail regarding Defendant's trades that were allegedly made based on his knowledge of nonpublic information. FSI ¶¶ 11-6.

---

[1] Given this, Defendant's request for judicial notice is denied.

> There is also no reason to order a bill of particulars.
>
> A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. It is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy. . . . In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. Full discovery will obviate the need for a bill of particulars.

United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (simplified).

The motion for a bill of particulars was filed prior to the FSI. Whatever the flaws of the original indictment may have been, the FSI provides a clear statement of both the allegedly nonpublic information at issue and what Defendant allegedly did with that nonpublic information. The government has also provided discovery and communicated its position on the interpretation of the FSI, both in direct communications with defense counsel and through its filings with the Court.

Nonetheless, Defendant continues to argue that "the government still has not clearly identified its theory of liability in this case, the universe of alleged material nonpublic information that it claims Mr. Peizer traded on, when and how he allegedly learned that information, or what purported MNPI it intends to rely on at trial." Reply at 1. But the government has explicitly stated that the FSI identifies all material nonpublic information. Opp'n at 3. Defendant claims that this is ambiguous because the government elaborates on this by stating "for example" and listing a subset of the allegations of the FSI. It should go without saying that this is not ambiguous in context – the government listed some salient items and did not feel the need to enumerate every single allegation of the FSI. And whether or not the FSI suggests that

Defendant also knew other nonpublic information, the government has clearly stated that it does not intend to proceed on a theory of liability for anything other than the explicitly enumerated information.

The motions to dismiss, for judicial notice, and for a bill of particulars are all DENIED.

IT IS SO ORDERED.

Date: March 7, 2024

Dale S. Fischer
United States District Judge