# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>    v.<br><br>TERREN S. PEIZER,<br>  Defendant. | 2:23-cr-0089-DSF<br><br>Order re Defendant's Motion to Exclude Certain Evidence as Proof of Alleged Scienter (Dkt. 147) |

  Defendant Terren S. Peizer seeks to exclude three types of information relating to Defendant's state of mind.

  First, Defendant seeks to exclude unspecified speculation about Defendant's state of mind. No motion in limine to this effect is needed and the government disclaims any intent to elicit speculation about what Defendant may or may not have been thinking.

  Second, Defendant seeks to exclude evidence that Defendant rejected a "cooling-off" period despite having been advised to implement such a period by multiple people. Defendant argues that this is irrelevant because such a cooling-off period was not required by law or by Ontrak policy at the time. Nonetheless, the failure to implement a cooling-off period, in the face of multiple people advising Defendant to do so, arguably reflects an urgency to sell Ontrak stock. The government argues that this urgency was due to Defendant's desire to sell before the Cigna information became public. Defendant is free to argue against that interpretation and to present his own evidence countering it, but the government's inference is plausible and the evidence is therefore relevant.

Third, Defendant seeks to exclude evidence of a May 18, 2021 call in which Ontrak was informed that Cigna planned to terminate its relationship with Ontrak. The government indicates that it does not intend to introduce the May 18, 2021 call with respect to the May 10, 2021 plan, but does seek to introduce it with respect to the August 2021 plan. Defendant argues that the May 18 call is irrelevant to the August 2021 plan because the statements made in the May 18 call had allegedly been retracted well before the August plan was entered into. The Court agrees with the government that the May 18 call remains relevant to Defendant's state of mind at the time of the August plan even if intervening events arguably reduced the importance of the call. Defendant is free to argue that the passage of time and the additional communications between Ontrak and Cigna undercut the government's position, but it is not appropriate to exclude the May 18 call altogether.

In a supplemental brief, Defendant argues that a statement made by the Cigna representative, Tim Brown, on the May 18 call – that Cigna intended to terminate the contract with Ontrak by the end of the year – was "inaccurate when made" and, therefore, could not have been material to a typical investor.

This argument fails for several reasons. The government does not concede that the statement was inaccurate when made and intends to introduce evidence that Brown did, in fact, have the authority to make the statement. The evidence relied on by Defendant suggests that Brown may have been overruled later by his superiors or possibly spoke too definitely, but the evidence does not establish that Brown was acting outside of his scope of responsibility when he conveyed the intent to terminate the relationship. Defendant makes far too much out of a perceived distinction between Brown making a decision and Cigna making a decision. Brown was a Cigna employee with some degree of authority over the Ontrak contract. Even if Defendant could demonstrate that Brown did not have authority to make a definitive

statement about termination,[1] the fact that someone in Brown's position believed that termination would occur and was willing to convey that to Ontrak would have been at least arguably material to a typical investor.

IT IS SO ORDERED.

Date: May 29, 2024

Dale S. Fischer
United States District Judge

---

[1] The government does not dispute that the May 18 call was not a final termination decision.