E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
MATTHEW REILLY
DELLA SENTILLES
Trial Attorneys
Criminal Division, Fraud Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     E-mail:    ali.moghaddas@usdoj.gov
                matthew.reilly@usdoj.gov
                della.sentilles@usdoj.gov

UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| United States | 2:23-CR-000089-DSF |
|---|---|
| v. | GOVERNMENT'S SUPPLEMENTAL TRIAL BRIEF |
| TERREN S. PEIZER, | |
| Defendant. | |

The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Ali Moghaddas and Trial Attorneys Matthew Reilly and Della Sentilles, hereby files this supplement to its trial brief addressing issues of law we anticipate arising during trial based on recent conferrals with defendant's counsel.

DATE:  June 3, 2024

                        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

                        /s/
ALI MOGHADDAS

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

                        /s/
MATTHEW REILLY
DELLA SENTILLES

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    LIMITS TO DEFENDANT'S ATTEMPTED USE OF THE BUSINESS RECORDS EXCEPTION TO RULE AGAINST HEARSAY**

Two business days before the start of trial, defendant provided a 902(11) certification from Ontrak that purports to characterize all "emails" and "Teams messages" provided by Ontrak in this case as business records under Federal Rule of Evidence 803(6). See Ex. 1 ¶¶ 2(a)(i)-(ii) (Ontrak 902(11) certification provided by defendant). While the parties have reached considerable agreement about the evidentiary issues related to Ontrak documents, including agreeing that they are all authentic (see Dkt. 266) and agreeing that many Ontrak records are in fact business records (see Ex. 1 and 2 (Ontrak 902(11) certification provided by government), what defendant now seeks goes too far. In conferrals preceding this supplemental trial brief, defendant informed the government that he intends to introduce numerous emails as purported business records, including emails containing his own self-serving statements that do not meet any exception to the hearsay rules. Defendant has not and will not be able to establish that <u>all</u> emails and the contents of those emails are business records falling within the ambit of Rule 803(6) of the Federal Rules of Evidence.

On May 31, 2024, counsel for defendant provided the government with the defendant's exhibits and a 902(11) certification from Ontrak. Defendant's exhibits contain, among other records, emails written by defendant during the course of the insider-trading scheme. Certain emails on defendant's exhibit list contain out-of-court statements made by defendant and others containing passing commentary and observations that are plainly not regularly recorded business

activities of Ontrak. Correspondence that does not meet the requirements of FRE 803(6), particularly emails containing defendant's statements, must meet another hearsay exception to be admissible. See FRE 801(d)(permitting only party opponents to introduce an individual's out-of-court statements). While defendant has provided the government with a certification pursuant to FRE 902(11) and the government has stipulated to the authenticity of the emails at issue, that is not the end of the analysis. See United States v. Gal, 606 F. App'x 868, 874-75 (9th Cir. 2015) (permitting the use of a Rule 902(11) affidavit from Yahoo sufficient to establish "only that Yahoo made a record of each email as it was sent or received from three email addresses" and "offered only to authenticate a record") (citations omitted). Defendant's attempt to use the 902(11) certification to establish that all Ontrak emails and Teams messages — including the statements within those emails – are admissible for the truth of the matter asserted under the business records exception is improper. See United States v. Way, No. 1:14-CR-101, 2018 WL 2470944, at *2 (E.D. Cal. June 1, 2018)(granting government's motion for pretrial authentication, "subject to the limitation noted by the Ninth Circuit in Gal that the emails in question were sent or received from the identified email address and subject to any other objection including relevance or some other form of objection") (citing United States v. Kahre, 610 F. Supp. 2d 1261, 1266 (D. Nev. 2009) (even with pretrial certification, the purported business records are only admitted "conditionally" and the offering party "still bears the burden to prove the relevance of the business record and the absence of another form of hearsay in order for the record to be formally entered into evidence")).

4

As this Court has previously explained, "[f]or hearsay to be admissible under the business records exception, the party offering records must establish, inter alia, that (A) the record was made contemporaneously by someone with knowledge as to the contents of the record, (B) the record was kept in the ordinary course of business, (C) making the record was a regular practice of business, and (D) the record is introduced by a custodian or other qualified witness." Dykzeul v. Charter Commc'ns, Inc., No. CV-18-5826-DSF, 2021 WL 4522545, at *12 (C.D. Cal. Feb. 3, 2021) (Fischer, J.) (citing FRE 803(6)).

Every email sent from a business email address is not automatically deemed a business record falling within the ambit of Rule 803(6). See, e.g., id. (finding that while a 902(11) declarant "confirmed the EEOC file as a whole was kept in the regular course of the EEOC's business, there is no evidence explaining the details of the interview process or whether it was regular practice to collect these types of interviews" and, without such information, the Court could not find the exception was met); see Monotype Corp. v. Int'l Typeface Corp., 43 F.3d 443, 450 (9th Cir. 1994) (affirming exclusion of email sent by employee to superior; "[e]-mail is far less of a systematic business activity than a monthly inventory printout"); United States v. Heine, No. 3:15-cr-238-SI, 2017 WL 4423408, at *6-7 (D. Or. Oct. 5, 2017) (adopting standard for finding an email to be a business record under Rule 803(6) as proposed by the government; "[c]learly, there is no across-the-board rule that all emails are admissible as business records"). An email can be admissible as a business record if the proponent satisfies the requirements of Rule 803(6). However, defendant will not be able to do so for every

5

Ontrak e-mail.  Based on an initial review of defendant's recently provided exhibits, it is evident that defendant attempts to end run the rule against hearsay by loping e-mails and messages containing passing commentary and other observational communications in with his other evidence of actual business records.  When it is facially apparent that such communications are not "record[s] … kept in the course of a regularly conducted activity of a business" where "making the record was a regular practice of that activity[,]" and defendant offers nothing more than the generalized 902(11) certification, there is insufficient foundation to admit such documents under FRE 803(6).  Defendant's ability to procure a certificate[1] does not transform rank hearsay into admissible evidence.

As discussed in the government's initial trial brief, defendant may not admit his own hearsay statements into evidence.  (Dkt. 259 at 9-10).  If criminal defendants were permitted to introduce their own out-of-court statements for the truth, "parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being

---

[1] It is notable that the certificate is signed by Susan Etzel, a vice president of Ontrak who worked closely with defendant on his 10b5-1 plans at issue in this case.  More importantly, Ms. Etzel currently works at Ontrak, which – according to defendant's counsel – would likely be in a receivership but for loans being provided by defendant to the company. See Pre-Trial Conf. Tr. (May 20, 2024) at 18:10-12 ("The company would have probably gone into receivership but for this funding and Mr. Peizer continues to fund this company to date").  Should defendant proceed with offering otherwise self-serving hearsay on nothing more than the scant support from Ms. Etzel's certification, the government requests that the Court require that defendant produce Ms. Etzel.  This is appropriate so that she may be cross examined both about the substance of her sworn certification and the nature of any bias she may have had to sign this certification to assist defendant.

subjected to first-hand scrutiny by the jury." United States v. McDaniel, 398 F.3d 540, 545 (6th Cir. 2005) (citation omitted); see also United States v. Fernandez, 839 F.2d 639, 639 (9th Cir. 1988) (affirming exclusion of defendant's post-arrest statement offered by defendant as "[i]t seem[ed] obvious defense counsel wished to place [defendant's] statement to [the FBI] before the jury without subjecting [the defendant] to cross-examination, precisely what the hearsay rule forbids") (citations omitted). Should defendant seek to use an overbroad and insufficiently tailored 902(11) certificate to admit his out-of-court statements, they should not be admitted into evidence where they do not independently meet the business record exception's requirements.

## II. DEFENDANT CANNOT IMPROPERLY AVAIL HIMSELF OF FRE 803(3) TO ADMIT HEARSAY ABOUT HIS BELIEFS

Defendant has also indicated that, in the alternative to the business record exception, he intends to offer otherwise self-serving hearsay under FRE 803(3)'s exception for "the declarant's then-existing state of mind."[2] Defendant cannot invoke Rule 803(3)'s exception to introduce hearsay statements regarding the defendant's belief that Ontrak's relationship with Cigna was improving or that Ontrak would otherwise survive the deterioration of the companies' relationship in spring and summer 2021. Those declarations fall within the rule's explicit prohibition on the admission of "a

---

[2] FRE 803(3) provides an exception to the rule against hearsay for "a statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will."

7

statement of memory or belief to prove the fact remembered or believed." Rule 803(3). For example, in United States v. Brown, the defendant "sought to introduce statements, in which she apparently expressed her belief in certain aspects of the companies, to prove that she actually believed in those aspects of the companies." 680 F. App'x 583, 585 (9th Cir. 2017). In upholding the district court's exclusion of those statements of belief, the Ninth Circuit determined that "those statements are hearsay, and [the defendant's] "attempt to introduce[, through FRE 803(3),] statements of her belief (that she was not violating the law) to prove the fact believed (that she was acting in good-faith) [was] improper.'" Id. (quoting United States v. Sayakhom, 186 F.3d 928, 937 (9th Cir. 1999), amended by 197 F.3d 959 (9th Cir. 1999)).