E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
MATTHEW REILLY
DELLA SENTILLES
Trial Attorneys
Criminal Division, Fraud Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     E-mail:    ali.moghaddas@usdoj.gov
                matthew.reilly@usdoj.gov
                della.sentilles@usdoj.gov

UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| United States | 2:23-CR-000089-DSF |
|---|---|
| v. | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING DEFENDANT'S CONDITIONS OF RELEASE |
| TERREN S. PEIZER, | |
| Defendant. | |

The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Ali Moghaddas and Trial Attorneys Matthew Reilly and Della Sentilles, hereby files this ex parte application seeking an order to modify Defendant Terren S. Peizer's conditions of release following his conviction.

DATE:  July 1, 2024

                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

                    /s/
ALI MOGHADDAS

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

                    /s/
MATTHEW REILLY
DELLA SENTILLES

Attorneys for Plaintiff
UNITED STATES OF AMERICA

The United States hereby requests as follows:

1. Following Defendant Terren S. Peizer's recent conviction on three counts of securities fraud and insider trading, the government moves to modify defendant's conditions of release to conform with the changed circumstances of this case.  After conviction, defendant now carries the burden of establishing that he is not a flight risk and the statute presumes a convicted felon should be incarcerated pending sentencing.  <u>See</u> 18 U.S.C. § 3143(a)(1).  While the government does not seek incarceration at this juncture, it asks that defendant be returned to the bond conditions under which he was originally released following indictment.  These conditions contain three important components not included in his current bond that ensure his continued appearance before this Court for sentencing: limitations on his travel, a curfew, and location monitoring.  These prophylactic measures are necessary to reasonably ensure defendant's continued appearance for the proceedings in connection with this prosecution. § 3142(c).

2. Defendant was originally indicted in February 2023.  (Dkt. 1). After his initial appearance, he was released on bond with a number of financial and additional conditions of release.  (Dkt. 9.)  Relevant here, defendant's travel was restricted to this district and Puerto Rico (where defendant also resides), defendant was permitted to travel to other districts with the approval of Pretrial Services, defendant was subject to location monitoring, and under a curfew set by Pretrial Services.  (<u>Id.</u>)

3. Ultimately, defendant's financial conditions were modified to include a $3 million bond secured by $2 million in cash from

3

    defendant and $1 million secured by the residence of third party surety.  (Dkt. 45.)  Initially, in July 2023, on defendant's unopposed application, the Court modified defendant's conditions of release to permit defendant to "travel within the continental United States, without curfew restrictions, with notice to and permission from Pretrial Services and without further order from the Court. Court permission is only required for international travel as well as for travel to Alaska or Hawaii."  (Dkt. 63.) Then, in October 2023, on defendant's unopposed application, the conditions were further modified to "remove Mr. Peizer's curfew restriction and Location Monitoring device requirement."  (Dkt. 86.)  The current conditions of release do not facially require that defendant obtain approval from Pretrial Services for travel outside of the continental United States.[1]

4. On June 21, 2024, the jury found defendant guilty on all counts charged in the First Superseding Indictment.  (Dkt. 323.)

5. This materially changed the circumstances for defendant.  He faces statutory maximum sentences of 25 years on Count One and 20 years on Counts Two and Three.  Defendant's anticipated recommended guideline sentencing range will be substantial based on the more than $12.5 million loss amount.  He also faces significant financial exposure in terms of fines, forfeiture, and potential restitution.

6. Under §3143(a)(1), as relevant here, "the judicial officer shall order that a person who has been found guilty of an offense and

---

[1] See Dkt. 88 at 1 ("Travel is restricted to the continental United States unless prior permission is granted by Supervising Agency to travel to a specific other location.")

who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee[.]" If such a finding can be made, the conditions of release should be fashioned consistent with §3142(b),(c). Under §3143(c)(1)(B), the Court is required to fashion "the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of the person as required[.]" The statute contemplates a number of conditions, such as specific restrictions on travel, a curfew, and "any other condition that is reasonably necessary to assure the appearance of the person as required[.]" (Id. (iv), (vii), and (xiv).)

7. In light of the significant potential sentence facing defendant, his access to resources to enable a potential flight, his multiple residences (including on an island in the Caribbean Sea), and frequent travel, restoring the original conditions of release will provide the necessary assurance that defendant does not flee and appears as necessary for the remaining steps in his case before this Court.

8. Ensuring that defendant is required to obtain permission from Pretrial Services before traveling outside of either the Central District of California or Puerto Rico will provide a measure of oversight on defendant's whereabouts and patterns of travel that is not currently required by his bond conditions. Location monitoring and a curfew will also serve as an important deterrent on any attempted flight as the supervising officers will be positioned to quickly identify unapproved travel by

5

    defendant and provide a set mechanism for confirming his whereabouts.

9. The parties previously met and conferred on the government's request and were unable to reach a resolution.  Defendant is likely to argue that these conditions are onerous, unnecessary, and exceed what is necessary to ensure his appearance.  However, defendant ignores the material change in his circumstances. While he may have complied to date with the conditions of his release, this predated his conviction.  He is now facing a sentencing hearing and a potential significant term of incarceration that presents serious risk of changing the calculus for the defendant as to his continued compliance. Defendant vigorously fought this prosecution and perhaps believed he would be acquitted at trial.  Now that the jury has rendered its verdict, defendant's prior compliance is a less compelling data point for assessing his future behavior, particularly his continued appearance for these proceedings. And given the access to resources that defendant enjoys, if he remained unencumbered in his domestic travels and free from location monitoring or a regular curfew, defendant would pose a significant risk of flight.

10. The government's proposed conditions – which defendant was able to conduct his business and life under from March to July 2023 before they were initially amended – provide a tailored approach to ensuring defendant's appearance at sentencing and other proceedings without being any more restrictive than necessary.

11. The government has met and conferred with defendant concerning this application. Defendant intends to oppose the government's application. The parties have agreed that defendant shall have two business days to file a written opposition to the government's application. The parties respectfully request that the Court wait until defendant is able to file his written opposition before ruling on this matter.

12. For these reasons, the government respectfully requests that the Court restore defendant to his original conditions of release and require that his travel be limited to the Central District of California and Puerto Rico (unless otherwise pre-approved by Pretrial Services), he be subject to a curfew, and he is placed back on location monitoring.