| | |
|---|---|
| DAVID K. WILLINGHAM (SBN 198874)<br> *dwillingham@kslaw.com*<br>PAUL J. WATFORD (SBN 183283)<br> *pwatford@kslaw.com*<br>JAMIE A. LANG (SBN 253769)<br> *jlang@kslaw.com*<br>**KING & SPALDING LLP**<br>633 West Fifth Street, Suite 1600<br>Los Angeles, CA 90071<br>Telephone (213) 218-4005<br>YELENA KOTLARSKY<br>(*pro hac vice*)<br> *ykotlarsky@kslaw.com*<br>**KING & SPALDING LLP**<br>1185 Avenue of the Americas, 34th Floor<br>New York, NY 10036<br>Telephone (212) 556-2207 | STEPHEN A. BEST (*pro hac vice*)<br> *sbest@brownrudnick.com*<br>**BROWN RUDNICK LLP**<br>601 13th St NW, Suite 600<br>Washington, DC 20005<br>Telephone (202) 536-1737<br>ANGELA M. PAPALASKARIS<br>(*pro hac vice*)<br> *apapalaskaris@brownrudnick.com*<br>**BROWN RUDNICK LLP**<br>7 Times Square<br>New York, NY 10036<br>Telephone (212) 209-4817<br>STEPHEN COOK (SBN 204446)<br> *scook@brownrudnick.com*<br>**BROWN RUDNICK LLP**<br>2211 Michelson Drive, 7th Floor<br>Irvine, CA 92612<br>Telephone (949) 440-0215 |

Attorneys for Defendant *Terren Scott Peizer*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>TERREN S. PEIZER,<br><br>             Defendant. | Case No. 2:23-cr-00089(A)-DSF<br><br>**STIPULATION FOR ORDER STAYING ENFORCEMENT OF CRIMINAL MONETARY PENALTIES AND RESTRAINING ASSETS FOR PAYMENT OF CRIMINAL MONETARY PENALTIES PENDING APPEAL; [PROPOSED] ORDER** |

STIPULATION FOR ORDER STAYING ENFORCEMENT OF CRIMINAL MONETARY PENALTIES AND
RESTRAINING ASSETS PENDING APPEAL

Plaintiff United States of America, by and through its counsel of record, Trial Attorney Matthew Reilly, Assistant United States Attorneys Jonathan Galatzan and Mariam Kaloustian, and defendant Terren Scott Peizer ("Mr. Peizer"), by and through his counsel of record, hereby stipulate as follows:

1. On April 24, 2023, the Court entered an Order Modifying Conditions of Release, which included the posting of a $2,000,000 cash bond belonging to Mr. Peizer. (Dkt. 45.)

2. On April 30, 2025, the Court imposed on Mr. Peizer a forfeiture money judgment of $12,711,324. (Dkt. 415.)

3. On June 23, 2025, the Court imposed a sentence on Mr. Peizer that included a total fine of $5,250,000, as well as a mandatory special assessment of $300 (hereinafter, the forfeiture money judgment, fine, and special assessment will be collectively referred to as "criminal monetary penalties"). (Dkt. 427.) Together, Mr. Peizer's criminal monetary penalties total $17,961,624. The Court set a self-surrender date of August 6, 2025, and permitted Mr. Peizer to remain out of custody on the preexisting bond conditions. (Dkts. 426, 427.)

4. On June 23, 2025, Mr. Peizer moved for bond pending appeal (Dkt. 425), which the government has opposed (Dkt. 435.) Pursuant to a stipulated briefing schedule, the motion is set to be heard on August 4, 2025, and Mr. Peizer's self-surrender date was continued to August 20, 2025. (Dkt. 432.)

5. On June 25, 2025, Mr. Peizer also filed a Notice of Appeal. (Dkt. 429.) Mr. Peizer's Opening Appellate Brief is currently due on September 17, 2025, and the government's Answering Brief is due on October 17, 2025.

6. The parties agree that if Mr. Peizer were to satisfy his financial criminal monetary penalties now, but his convictions were subsequently overturned on appeal, the government and the Clerk of the Court may be required to return some or all of any collected funds to Mr. Peizer.

7. After meeting and conferring on this issue, the parties agree that in lieu of immediate payment of the criminal monetary penalties, conditions can be imposed to allow prompt payment of the full amount of the criminal monetary penalties should they still be owed after Mr. Peizer has exhausted his direct appeal and his conviction becomes final.

8. Accordingly, the parties stipulate that the Court should stay the collection of the criminal monetary penalties during the pendency of his appeal upon the following conditions:

    a. If Mr. Peizer's Motion for Bond Pending Appeal ("Motion for Bond") is denied and that ruling is upheld on direct appeal, and he is required to self-surrender, the $2,000,000 portion of his bond that is secured by cash shall not be exonerated upon surrender. Instead, pursuant to 28 U.S.C. § 2044, the $2,000,000 shall continue to be held by the Clerk of the Court during the pendency of his direct appeal;

    b. After Mr. Peizer has exhausted his direct appeal and his conviction becomes final, the Clerk of the Court shall apply the $2,000,000 to any outstanding criminal monetary penalties pursuant to 28 U.S.C. § 2044, and, if he owes none or a lesser amount, then the Clerk of the Court shall return to Mr. Peizer any amount not applied toward criminal monetary penalties;

    c. Additionally, within 14 days of the Court's ruling on Mr. Peizer's pending Motion for Bond, Mr. Peizer will transfer to a segregated Oppenheimer brokerage account shares of the Federal National Mortgage Association (FNMA) in the following amount:

        i. If Mr. Peizer's motion for bond pending appeal is granted – and he thus remains released on bond – then the number of shares equal to the value of the full criminal monetary penalties of $17,961,624; or

    ii. If Mr. Peizer's motion for bond pending appeal is denied and that ruling is upheld on appeal, and he is required to self-surrender, then the number of shares equal to the full criminal monetary penalties amount less $2,000,000, which is $15,961,624;

    iii. Mr. Peizer shall file a status report within 14 days of the ruling on his Motion for Bond, notifying the Court and the government that shares of the Federal National Mortgage Association totaling no less than either $17,961,624 or $15,961,624 (depending on whether the Motion for Bond was granted or denied) were transferred to the segregated Oppenheimer brokerage account, and providing the last four digits of the account to the Court;

  d.  In either case, the Court shall enter a restraining order preventing the transfer of shares placed in the segregated Oppenheimer account during the pendency of Mr. Peizer's direct appeal, and that order shall be served on Oppenheimer as well as Mr. Peizer via counsel;

  e.  If, after having exhausted his direct appeal, Mr. Peizer still owes any criminal monetary penalties, Mr. Peizer consents that within 30 days of a request made upon counsel for Mr. Peizer by the government pursuant to this section, Mr. Peizer shall cause Oppenheimer to liquidate the shares held in the segregated account and shall make payments as follows to satisfy those criminal monetary penalties;

    i. Either $3,250,300 or $5,250,300 (depending on whether the Motion for Bond was previously granted or denied), shall be paid to the Clerk of the Court for satisfaction of the special assessment and the total fine;

    ii. As part of this agreement, the government has agreed not to impose penalties for delinquency or default pursuant to 18 U.S.C. § 3612, during the pendency of the direct appeal;

        iii.    Mr. Peizer understands and agrees that if full payment is not received pursuant to the terms of this stipulation within 30 days of the government's request, Mr. Peizer will be considered delinquent and in default, and will be required to pay penalties pursuant to 18 U.S.C. § 3612(g);

        iv.    $12,711,324 shall be paid to the United States Marshal Service, via check or wire transfer, instructions for which shall be provided by the United States Attorney's Office.  If, at the time the government receives the proceeds of the segregated Oppenheimer account, the amount received is less than the financial penalties owed, Mr. Peizer must pay the remaining balance within 14 days; and

    f.  If a final determination is made by the Court, the Ninth Circuit Court of Appeals, or the United States Supreme Court that Mr. Peizer does not owe any criminal monetary penalties, and the case is not remanded for further proceedings, then the foregoing conditions and restraining order shall be lifted, and Defendant may dispose of the shares in the segregated Oppenheimer account as he wishes.  If, on the other hand, the case is remanded for further proceedings, the restraining order shall remain in effect until the remanded proceedings have concluded, and any related criminal monetary penalties have been paid.

    IT IS SO STIPULATED.

//
//
//
//

| | |
|---|---|
| DATED: July 24, 2025 | Respectfully submitted, |
| | By: /s/David K. Willingham |
| | KING & SPALDING LLP<br>DAVID K. WILLINGHAM<br>JAMIE A. LANG<br>YELENA KOTLARSKY |
| | BROWN RUDNICK LLP<br>STEPHEN A. BEST<br>ANGELA M. PAPALASKARIS<br>STEPHEN COOK |
| | *ATTORNEYS FOR DEFENDANT TERREN SCOTT PEIZER* |
| DATED: July 24, 2025 | GLENN S. LEON<br>Chief<br>Fraud Section, Criminal Division |
| | /s/ with e-mail permission<br>MATTHEW S. REILLY |
| DATED: July 24, 2025 | BILAL A. ESSAYLI<br>United States Attorney |
| | /s/ with e-mail permission<br>JONATHAN GALATZAN<br>MARIAM KALOUSTIAN |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

## **ATTESTATION**

I, David K. Willingham, hereby attest that all other signatories listed above concur in this filing's content and have authorized me to make this filing.

| | |
|---|---|
| Dated: July 24, 2025 | /s/ David K. Willingham<br>David K. Willingham |