# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>TERREN SCOTT PEIZER,<br><br>          Defendant. | Case No. 2:23-cr-00089(A)-DSF<br><br>**ORDER STAYING ENFORCEMENT OF CRIMINAL MONETARY PENALTIES AND RESTRAINING ASSETS FOR PAYMENT OF CRIMINAL MONETARY PENALTIES PENDING APPEAL** |

BASED ON THE PARTIES' STIPULATION, AND GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that:

The collection of Defendant Terren Scott Peizer's $12,711,324 forfeiture judgment, $5,250,000 fine, and $300 mandatory special assessment fee (collectively referred to as "criminal monetary penalties") is stayed during the pendency of his appeal upon the following conditions:

    a. If Mr. Peizer's Motion for Bond Pending Appeal ("Motion for Bond") is denied and that ruling is upheld on direct appeal, and he is required to self-surrender, the $2,000,000 portion of his bond that is secured by cash shall not be exonerated upon surrender. Instead, pursuant to 28 U.S.C. § 2044, the $2,000,000 shall continue to be held by the Clerk of the Court during the pendency of his direct appeal;

    b. After Mr. Peizer has exhausted his direct appeal and his conviction becomes final, the Clerk of the Court shall apply the $2,000,000 to any outstanding criminal monetary penalties pursuant to 28 U.S.C. § 2044, and, if he owes none or a lesser amount, then the Clerk of the Court shall return to Mr. Peizer any amount not applied toward criminal monetary penalties;

    c. Additionally, within 14 days of the Court's ruling on Mr. Peizer's pending Motion for Bond, Mr. Peizer shall transfer to a segregated Oppenheimer brokerage account shares of the Federal National Mortgage Association (FNMA) in the following amount:

        i. If Mr. Peizer's Motion for Bond is granted – and he thus remains released on bond – then the number of shares equal to the value of the full criminal monetary penalties of $17,961,624; or

        ii. If Mr. Peizer's Motion for Bond is denied and that ruling is upheld on appeal, and he is required to self-surrender, then the number of shares equal to the full criminal monetary penalties amount less $2,000,000, which is $15,961,624;

    iii. Mr. Peizer shall file a status report within 14 days of the ruling on his Motion for Bond, notifying the Court and the government that shares of the Federal National Mortgage Association totaling no less than either $17,961,624 or $15,961,624 (depending on whether the Motion for Bond was granted or denied) were transferred to the segregated Oppenheimer brokerage account, and providing the last four digits of the account to the Court;

  d. In either case, the Court hereby enters a restraining order preventing the transfer of shares placed in the segregated Oppenheimer account during the pendency of Mr. Peizer's direct appeal, and that order shall be served on Oppenheimer as well as Mr. Peizer via counsel;

  e. If, after having exhausted his direct appeal, Mr. Peizer still owes any criminal monetary penalties, Mr. Peizer consents that within 30 days of a request made upon counsel for Mr. Peizer by the government pursuant to this section, Mr. Peizer shall cause Oppenheimer to liquidate the shares held in the segregated account and shall make payments as follows to satisfy those criminal monetary penalties;

    i. Either $3,250,300 or $5,250,300 (depending on whether the Motion for Bond was previously granted or denied), shall be paid to the Clerk of the Court for satisfaction of the special assessment and the total fine;

    ii. As part of this agreement, the government shall not to impose penalties for delinquency or default pursuant to 18 U.S.C. § 3612, during the pendency of the direct appeal;

    iii. if Mr. Peizer's full payment is not received pursuant to the terms of the parties' stipulation within 30 days of the government's request, Mr. Peizer shall be considered delinquent and in default, and shall be required to pay penalties pursuant to 18 U.S.C. § 3612(g);

     iv. $12,711,324 shall be paid to the United States Marshals Service, via check or wire transfer, instructions for which shall be provided by the United States Attorney's Office.  If, at the time the government receives the proceeds of the segregated Oppenheimer account, the amount received is less than the financial penalties owed, Mr. Peizer must pay the remaining balance within 14 days; and

  f.  If a final determination is made by the Court, the Ninth Circuit Court of Appeals, or the United States Supreme Court that Mr. Peizer does not owe any criminal monetary penalties, and the case is not remanded for further proceedings, then the foregoing conditions and restraining order shall be lifted, and Defendant may dispose of the shares in the segregated Oppenheimer account as he wishes.  If, on the other hand, the case is remanded for further proceedings, the restraining order shall remain in effect until the remanded proceedings have concluded, and any related criminal monetary penalties have been paid.

**IT IS SO ORDERED.**

DATED: July 25, 2025

THE HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE