cc: USPO
cc: Fiscal Section

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TERREN SCOTT PEIZER,<br><br>        Defendant. | Case No. 2:23-cr-00089(A)-DSF<br><br>**JOINT AMENDED ORDER STAYING ENFORCEMENT OF CRIMINAL MONETARY PENALTIES AND RESTRAINING ASSETS FOR PAYMENT OF CRIMINAL MONETARY PENALTIES PENDING APPEAL**<br><br>The Honorable Dale S. Fischer |

Based on the parties' prior stipulation (Dkt. 438), as amended by the Court at the hearing on August 4, 2025, and GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that:

The collection of Defendant Terren Scott Peizer's $12,711,324 forfeiture judgment, $5,250,000 fine, and $300 mandatory special assessment fee (collectively referred to as "criminal monetary penalties") is stayed during the pendency of his appeal upon the following conditions:

a. If, after Mr. Peizer has exhausted his direct appeal and his conviction becomes final, the Clerk of the Court shall apply the $2,000,000 portion of his bond that is secured by cash to any outstanding criminal monetary penalties pursuant to 28 U.S.C. § 2044, and, if he owes none or a lesser amount, then the Clerk of the Court shall return to Mr. Peizer any amount not applied toward criminal monetary penalties;

b. By August 20, 2025, Mr. Peizer shall transfer 1,806,227 shares of the Federal National Mortgage Association (FNMA), which is equal to the value of $15,961,624 based on FNMA's closing price on August 1, 2025, to the segregated Oppenheimer brokerage account ending in -1881;

c. Mr. Peizer shall file a status report by August 21, 2025, notifying the Court and the government that 1,806,227 shares of FNMA were transferred to the Oppenheimer account ending in -1881;

d. The Court hereby enters a restraining order preventing the transfer, sale, or other disposition of the 1,806,227 shares placed in the Oppenheimer account ending in -1881, during the pendency of Mr. Peizer's direct appeal. Mr. Peizer's counsel shall serve this order on Oppenheimer as well as Mr. Peizer, and shall file a Notice of Service with this Court within five days of service;

e. If, after having exhausted his direct appeal, Mr. Peizer still owes any criminal monetary penalties, Mr. Peizer consents that within 30 days of a

request made upon counsel for Mr. Peizer by the government pursuant to this section, Mr. Peizer shall cause Oppenheimer to liquidate the shares held in the account ending in -1881 and shall make payments as follows to satisfy those criminal monetary penalties;

    i.    $3,250,300 shall be paid to the Clerk of the Court for satisfaction of the special assessment and the total fine;

    ii.    As previously stipulated, the government shall not impose penalties for delinquency or default pursuant to 18 U.S.C. § 3612, during the pendency of the direct appeal;

    iii.    If Mr. Peizer's full payment is not received pursuant to the terms of this Order within 30 days of the government's request, Mr. Peizer shall be considered delinquent and in default, and shall be required to pay penalties pursuant to 18 U.S.C. § 3612(g);

    iv.    $12,711,324 shall be paid to the United States Marshal Service, via check or wire transfer, instructions for which shall be provided by the United States Attorney's Office.  If, at the time the government receives the proceeds of the segregated Oppenheimer account, the amount received is less than the financial penalties owed, Mr. Peizer must pay the remaining balance within 14 days;

f.  If a final determination is made by the Court, the Ninth Circuit Court of Appeals, or the United States Supreme Court that Mr. Peizer does not owe any criminal monetary penalties, and the case is not remanded for further proceedings, then the foregoing conditions and restraining order shall be lifted, and Defendant may dispose of the shares in the segregated Oppenheimer account as he wishes.  If, on the other hand, the case is remanded for further proceedings, the restraining order shall remain in effect until the remanded proceedings have concluded, and any related criminal monetary penalties have been paid; and

      g. If Mr. Peizer were to violate his bond conditions by fleeing or failing to make his court appearances at any point before either he enters into custody or this case is otherwise resolved, the 1,806,277 shares of FNMA in the Oppenheimer account ending in -1881 will be forfeited to the government and not credited toward his criminal financial penalties, which will need to be satisfied by additional payments.

**IT IS SO ORDERED.**

DATED: August 8, 2025

_____
THE HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE